STEVEN H. BURKE, ESQ.
Nevada Bar No. 14037
LAW OFFICE OF STEVEN H. BURKE, LLC
D.B.A. THE 808 FIRM
9205 W. Russell Road, Suite 240
Las Vegas, Nevada 89148
T: 702-793-4369 | F: 702-793-4301
Email: stevenburkelaw@gmail.com

*Attorney for Plaintiff/Counter-Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE MYOTT, an individual<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>LEADING TECHNOLOGY DEVELOPMENT, LLC; DOES I through X; and ROE Corporations XI through XX, inclusive,<br><br>Defendant/Counterclaimant. | Case No. 2:24-cv-00057-JCM-NJK<br><br>**JOINT ~~PROPOSED~~ DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR 26-1(b).** |

George Myott ("Plaintiff" or "Mr. Myott"), by and through his attorney, Steven H. Burke, Esq. of Law Office of Steven H. Burke, and Defendant, Leading Technology Development, LLC ("Defendant" or "LTD"), by and through its attorney, Bradley S. Slighting, Esq. of the law firm Slighting Law, jointly propose the following Discovery Plan and Scheduling Order to the Court pursuant to Federal Rule of Civil Procedure 26(f)(3) and Local Rule 26-1:

**Meeting of Counsel**

1. The Rule 26(f) meeting was held on February 12, 2024. The parties do not anticipate that any changes will be needed in the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a).

**Subjects of Discovery**

2. Discovery will be made on all claims asserted by Plaintiff and Defendant, and all defenses asserted by Defendant and Plaintiff. Discovery shall not be conducted in phases.

**Initial Disclosures**

3. Plaintiff and Defendant shall provide their initial disclosure statements and documents to respective counsel by February 26, 2024, pursuant to Fed. R. Civ. P. 26(a)(1)(C) and LR 26-1.

**Issues Related to Disclosure or Discovery of Electronically Stored Information**

4. Neither party has alleged, and the parties do not believe at this point that this case involves the use or misuse of electronic documents and/or systems. However, with respect to the production of electronically stored information, to the extent feasible, the parties agree that relevant electronically stored information, if any, will be exchanged by the parties in paper or in PDF format. Should it become apparent to one or more of the parties at a later date that a protocol relative to the disclosure of discovery of electronically stored information should be established, the parties agree to meet and confer regarding the same and reserve the right to move the court for the entry of an order establishing such a protocol.

**Issues Relating to Claims of Privilege or Attorney Work Product**

5. The parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney-work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

**Limits on Discovery**

6. At this time, the parties agree that discovery will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of the District Court, without limitation or modification of the same.

**Discovery Cut-Off**

7. The parties shall have until July 17, 2024, which is one-hundred-eighty days following the date Defendant first appeared or otherwise appeared by filing its Answer and Counterclaim (January 19, 2024), in which to conduct all discovery permissible pursuant to the Federal Rules of Civil Procedure.

**Amended Pleadings and Added Parties**

8. The parties shall have until April 18, 2024, to file any motions to amend the pleadings or add parties, which is no later than ninety (90) days prior to close of discovery.

**Expert Disclosures**

9. Counsel for the parties have agreed that all prospective expert witnesses shall be disclosed on or before May 20, 2024, which is fifty-eight (58) days before the discovery deadline.[1] All prospective rebuttal expert witnesses shall be disclosed on or before June 19, 2024, which is thirty days following the initial expert disclosure. The requirements of Fed. R. Civ. P. 26(a)(2)(B) shall apply to any such disclosures.

**Dispositive Motions**

10. Counsel for the parties agree the last date for filing dispositive motions in this case should be August 16, 2024. This date is thirty days from the discovery cutoff date.

**Joint Pretrial Order**

11. The parties have agreed, through counsel, that the Joint Pretrial Order in this case shall be filed on or before September 16, 2024. In the event dispositive motions are pending before the Court on that date, the date for filing the Joint Pretrial Order shall be suspended until thirty days after the date of the Court's decision on the last dispositive motion.

**Pretrial Disclosures**

12. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the Joint Pretrial Order.

/ / /

---

[1] Sixty days prior falls on Saturday, May 18, 2024. The next judicial day is May 20, 2024.

**Extension or Modifications of Deadlines**

14. Pursuant to Local Rule 26-3, requests to extend or modify any deadline set herein must be received by the Court no later than 21 days before the expiration of the subject deadline.

**Settlement**

15. The parties have conducted initial settlement discussions in this case and those discussions are continuing.

**Alternative Dispute Resolution**

16. The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. The parties do not believe ADR is appropriate at this time but have agreed that they will again consider ADR later in the case.

**Trial by Magistrate Judge**

17. The parties certify that they considered consent to trial by magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). At this time, the parties do not consent to a trial by the magistrate judge or the use of the Short Trial Program.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Protective Orders and Judicial Intervention**

18. The parties do not anticipate the need for the entry of any Order from the Court pursuant to Fed. R. Civ. P. 26(c) or 16(b) and (c).

DATED this 1st day of March, 2024.

| SLIGHTING LAW | LAW OFFICE OF STEVEN H. BURKE |
|---|---|
| */s/ Bradley S. Slighting, Esq.* | */s/ Steven H. Burke, Esq.* |
| Bradley S. Slighting, Esq. | Steven H. Burke, Esq. |
| Nevada Bar No. 10225 | Nevada Bar No. 14037 |
| 1707 Village Center Cir., #100 | 9205 W. Russell Rd. Suite 240 |
| Las Vegas, NV 89134 | Las Vegas, NV 89148 |
| *Attorney for Defendant/Counterclaimant Leading Technology Development, LLC* | *Attorney for Plaintiff/Counter-Defendant George Myott* |

**IT IS SO ORDERED.**

DATED this __4th__ day of March 2024.

_____
United States Magistrate Judge